**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID No. 0810013184 |
| | ) | |
| JERMAINE L. CARTER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Submitted: January 18, 2018
Decided: February 2, 2018

**COMMISSIONER'S REPORT AND RECOMMENDATION THAT ALL
PENDING MOTIONS FOR POSTCONVICTION RELIEF
SHOULD BE SUMMARILY DISMISSED**

Gregory E. Smith, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Jermaine L. Carter, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se.*

PARKER, Commissioner

This 2nd day of February 2018, upon consideration of Defendant's Motion for Postconviction Relief, it appears to the Court that:

## BACKGROUND AND PROCEDURAL HISTORY

1. In December 2008, Defendant Jermaine Carter was indicted on numerous counts of first degree rape, second degree kidnapping, possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited ("PFBPP") and first degree robbery.

2. On December 18, 2009, Carter pled guilty to first degree rape, second degree rape, first degree robbery, PFDCF, and two counts of second degree kidnapping. The robberies, rapes, and other criminal conduct giving rise to the subject convictions are detailed in the Superior Court's decision on Carter's first Rule 61 motion.[1]

3. On June 4, 2010, after reviewing the mental health evaluations submitted by the parties and conducting a colloquy, the Superior Court adjudged Carter guilty but mentally ill, and sentenced him to life imprisonment plus an additional forty-five years.[2]

4. Carter did not file a direct appeal to the Delaware Supreme Court.

5. On October 18, 2013, Carter filed a *pro se* Motion for Postconviction Relief. Thereafter, the court appointed counsel to represent Carter in his postconviction proceedings. Rule 61 counsel filed a motion to withdraw as counsel, the State filed a response to Carter's Rule 61 motion, and the Superior Court considered briefing to be complete and was ready to render a decision on Carter's motion.[3]

---

[1] *State v. Carter*, 2017 WL 480559, *3 (Del.Super.).
[2] Superior Court Docket No. 41- June 4, 2010 Sentencing Order.
[3] *State v. Carter*, 2017 WL 480559, *1 (Del.Super.).

1

6.     Before Carter's first Rule 61 motion was decided, on September 21, 2015, Carter filed a second *pro se* Motion for Postconviction Relief.[4] On October 13, 2015, Carter filed another *pro se* Motion titled "Amending as a matter of course."[5] Carter also filed a memorandum of law in support of that motion.[6] On November 4, 2015, Carter filed another *pro se* Motion for Postconviction Relief, titled "Leave to Amend."[7] On November 9, 2015, Carter filed another *pro se* Motion for Postconviction Relief, titled "Leave to Amend as Justice so Requires."[8] On February 1, 2016, Carter filed another *pro se* Motion for Postconviction Relief titled "Leave to Amend as Justice so Requires."[9] On March 7, 2016, Carter filed another *pro se* Motion for Postconviction Relief[10], and another on April 4, 2016[11], and another on August 22, 2016[12], and another on January 23, 2017.[13]

7.     The Superior Court allowed supplemental briefing and afforded the parties an opportunity to address all the claims raised in Carter's Rule 61 motion, as amended on multiple occasions.

8.     On February 3, 2017, the Superior Court in a full and thorough decision denied Carter's motion for postconviction relief and granted Rule 61 counsel's motion to withdraw.[14] The claims raised by Carter included:

1)     ineffective assistance of counsel in the handling of the plea offer;

2)     ineffective assistance of counsel in failing to file an appeal after sentencing;

---

[4] Superior Court Docket No. 85.
[5] Superior Court Docket No. 69.
[6] Superior Court Docket No. 70.
[7] Superior Court Docket No. 71.
[8] Superior Court Docket No. 72.
[9] Superior Court Docket No. 75.
[10] Superior Court Docket Nos. 77 & 78.
[11] Superior Court Docket No. 81.
[12] Superior Court Docket No. 97.
[13] Superior Court Docket No. 102.
[14] *State v. Carter,* 2017 WL 480559 (Del.Super.).

3) ineffective assistance of counsel for failing to supply Carter with a copy of his Rule 16 discovery prior to presenting the plea offer to him, and prior to sentencing;

4) ineffective assistance of counsel for failing to investigate the sufficiency of the evidence;

5) guilty plea was not knowingly and voluntarily entered and improper plea colloquy;

6) illegal sentence because the investigative services office failed to obtain a victim impact statement;

7) illegal search and seizure conducted by the police; and

8) State committed prosecutorial misconduct because of a wrongful indictment.[15]

9. The Superior Court addressed all of these claims raised by Carter on their merits and concluded that the claims raised by Carter were procedurally barred and also without merit.[16]

10. Following the denial of Carter's Rule 61 motion, the State filed a motion to restrict the discovery to be made available to Carter for his appeal. The Superior Court granted the motion and the restricted discovery required to be disseminated to Carter was thereafter provided.[17] It does not appear, however, that Carter ever filed an appeal from the Superior Court's Order denying his Rule 61 motion.

11. While Carter's Rule 61 motion was pending in the Superior Court, Carter filed a federal petition for habeas corpus.[18] In that petition, Carter raised claims of ineffective

---

[15] *State v. Carter*, 2017 WL 480559, *4 (Del.Super.).
[16] *State v. Carter*, 2017 WL 480559 (Del.Super.).
[17] *State v. Carter*, 2017 WL 5900952 (Del.Super.); Superior Court Docket Nos. 104, 109, 113, 115, 117.
[18] *Carter v. Pierce, et al.*, 196 F.Supp.3d 447 (D.Del. 2016).

3

assistance of counsel; insufficient evidence/involuntary guilty plea; incorrect and prejudicial excessive sentence; and actual innocence.[19]

12. After the State filed its response to Carter's federal habeas petition, Carter filed several additional "motions to amend," seeking to either amend his original application or to supplement his application by adding new claims.[20]

13. On July 20, 2016, the federal court denied Carter's petition for habeas relief, in a full and thorough decision addressing both the procedural barriers and the merits of the claims, and concluded that the petition was time-barred and also meritless.[21]

## DEFENDANT'S PENDING RULE 61 MOTIONS

14. On December 14, 2017, Carter filed a Motion for Postconviction Relief-Leave to Amend, along with a supporting memorandum of law. On December 22, 2017, Carter filed another Rule 61 Motion for Postconviction Relief- Leave to Amend.[22] On December 28, 2017, Carter filed another Motion for Postconviction Relief- Leave to Amend.[23]

15. In these motions, Carter again alleges unreasonable search and seizure, insufficient evidence, prosecutorial misconduct, invalid plea, ineffective assistance of counsel, Rule 16 discovery issues, and other related claims.

16. Carter must first satisfy the pleading requirements before he is entitled to proceed with these motions. Carter filed the subject Rule 61 motions in 2017, and it is the Rule 61 in effect at the time of the filing of these motions that is applicable.[24]

---

[19] *Carter v. Pierce, et al.,* 196 F.Supp.3d 447, 451 (D.Del. 2016).
[20] *Carter v. Pierce, et al.,* 196 F.Supp.3d 447, 456 (D.Del. 2016).
[21] *Carter v. Pierce, et al.,* 196 F.Supp.3d 447 (D.Del. 2016).
[22] Superior Court Docket No. 119.
[23] Superior Court Docket No. 120.
[24] See, *Bunting v. State,* 2015 WL 2147188, ftnt. 7 (Del.).

17. The applicable Rule 61 mandates that Carter's motions are to be summarily dismissed unless he establishes: 1) that *new* evidence exists that creates a strong inference that he is actually innocent of the charges for which he was convicted, or 2) the existence of a *new* rule of constitutional law made retroactive to cases on collateral review rendered his convictions invalid.[25] If it plainly appears from the motion for postconviction relief that the movant is not entitled to relief, the Court may enter an order for its summary dismissal and cause the movant to be notified.[26]

18. Carter's pending Rule 61 motions should be summarily dismissed. Carter has not pled with particularity that any *new* evidence exists that creates a strong inference that he is actually innocent of the charges for which he was convicted nor that there is a *new* rule of law that would render his conviction invalid.

19. Carter does not raise anything new or recently discovered. Carter's claims stem from facts known to him at the time of his plea in 2009 and sentencing in June 2010. As such, Carter has failed to meet the pleading requirements allowing him to proceed with his pending Rule 61 motions. In accordance with the mandates of Rule 61, Carter's pending motions should be summarily dismissed.[27]

20. The claims that Carter raises in his subject motions were already raised and adjudicated in his previous Rule 61 motion, as amended and supplemented on numerous occasions, as well as in his federal petition for habeas corpus, as amended and supplemented on several occasions. The claims presented herein were already considered

---

[25] Super.Ct.Crim.R. 61(d)(2) & (5); and Rule 61(i) (effective June 4, 2014).
[26] Super.Ct.Crim.R. 61(d)(5).
[27] Super.Ct.Crim.R. 61(d)(2) & 5; and Rule 61(i).

5

by the Superior Court and by the federal court and were found to lack merit. Carter raises nothing new or recently discovered.

21. Carter's motion also falls short of other procedural requirements that must be met in order to proceed with the merits of the claim. If a procedural bar exists, then the claim is barred and the court should not consider the merits of the claim.[28]

22. Rule 61 (i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction;[29] (2) any basis for relief must be asserted in the first timely filed motion for postconviction relief absent exceptional circumstances (ie. discovery of new evidence or new rule of constitutional law) warranting a subsequent motion being filed; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant shows prejudice to his rights and cause for relief; and (4) any basis for relief must not have been formally adjudicated in any proceeding. The bars to relief however do not apply to a claim that the court lacked jurisdiction or to a claim that new evidence exists that movant is actually innocent or that there is a new law, made retroactive, that would render the conviction invalid.[30]

23. In the subject action, Carter's motion is time-barred. The final order of conviction was in 2010,[31] and these pending motions were filed in December 2017, about 7 years later.[32] These pending motions were filed well outside the applicable one year limit. Carter's claims, at this late date, are time-barred.

---

[28] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[29] Super.Ct.Crim.R. 61(i)(1).
[30] Super.Ct.Crim.R. 61 (effective June 4, 2014).
[31] Super.Ct.Crim.R. 61(m)(1).
[32] Super.Ct.Crim.R. 61(i)(1).

6

24.     As previously discussed, Rule 61(i)(2) further precludes this court's consideration of Carter's motions since Carter has not satisfied the pleading requirements for proceeding with this motion. Carter has not established that *new* evidence exists creating a strong inference of Carter's actual innocence or the existence of a *new* rule of constitutional law made retroactive to this case that would render his conviction invalid.

25.     Rule 61(i)(4) also precludes Carter's claims raised herein since the claims have already been raised and adjudicated in Carter's previous Rule 61 motion, and also in Carter's federal petition for habeas corpus. Carter's claims, which have already been raised and resolved cannot now be re-stated, refined and re-raised in order to again seek review.[33]

26.     Rule 61(i)(3) also prevents this court from considering any claim raised by Carter at this late date that had not previously been raised. Carter was aware of, had time to, and the opportunity to raise the claims presented herein a timely filed motion. Carter's subject claims stem from facts known to Defendant at the time of his plea and at the time of sentencing. Defendant does not raise anything new or recently discovered.

27.     Carter has not established any prejudice to his rights and/or cause for relief. Carter had time and opportunity to raise any issue raised herein in on direct appeal and/or in a timely filed postconviction motion. There is no just reason for Carter's 7-year delay in doing so. Having been provided with a full and fair opportunity to present any issue desired to be raised in a timely filed motion, any attempt at this late juncture to raise, re-raise or re-couch a claim is procedurally barred.

---

[33] *Johnson v. State,* 1992 WL 183069, at *1 (Del.); *Duhadaway v. State,* 877 A.2d 52 (Del. 2005).

28. Carter has failed to meet the pleading requirements for proceeding with the subject motions and, therefore, these motions should be summarily dismissed. Carter's motions are procedurally barred.

For all of the foregoing reasons, Carter's pending Motions for Postconviction Relief should be summarily dismissed.

**IT IS SO RECOMMENDED.**

_____
Commissioner Lynne M. Parker

cc:    Prothonotary
       Christopher S. Koyste, Esquire